IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:17-CV-25-FL

| | | |
|---|---|---|
| PHIL BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; and TIM MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NORRIS COCHRAN, in his official capacity as Acting Secretary of the United States Department of Health and Human Services; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; PATRICK CONWAY, in his official capacity as Acting Administrator for the Centers for Medicare and Medicaid Services; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; RENARD MURRAY, in his official capacity as Regional Administrator for the Office of the Assistant Secretary for Health, U.S. Department of Health and Human Services, Region IV; DEMPSEY BENTON, in his official capacity as Interim Secretary of the North Carolina Department of Health and Human Services, Region IV; and THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter,[1] the subject of a temporary restraining order entered by the court January 14, 2017, comes now before the court on plaintiffs' motion for preliminary injunction (DE 6), and defendants' emergency motions to dissolve or vacate the court's temporary restraining order.[2] (DE 10, 12). Also before the court is a joint motion to stay litigation (DE 33) filed January 25, 2017, by plaintiffs and defendants the United States Department of Health and Human Services; Patrick Conway; the Centers for Medicare and Medicaid Services, and defendants Norris Cochran and Renard Murray in their official capacities (collectively "the federal defendants"). Defendants the North Carolina Department of Health and Human Services and Dempsey Benton in his official capacity (collectively "the state defendants") alerted the court yesterday to their position on the motion to stay.

## BACKGROUND

Plaintiffs seek declaratory and injunctive relief alleging imminent violations of the Social Security Act, the Administrative Procedure Act, the Guarantee Clause of the United States Constitution, and the Tenth Amendment to the United States Constitution. Plaintiffs allege that where the state defendants plan to submit, and the federal defendants plan to approve, an immediately binding amendment to North Carolina's Medicaid policy ("state plan amendment"), defendants' actions threaten to violate federal law.

---

[1] Where Sylvia Burwell and Andrew Slavitt have been succeeded in office by Norris Cochran and Patrick Conway, respectively, and Federal Rule of Civil Procedure 25(d) provides for automatic substitution of the original parties' successors in office, the caption of this matter initiated by complaint filed January 13, 2017, has been altered so to reflect.

[2] As agreed, the court treats plaintiffs' motion for a temporary restraining order as seeking a preliminary injunction. Defendants' emergency motions are considered also in opposition to motion for preliminary injunction. In large part the court adopted the briefing schedule proposed January 18, 2017, as set forth in order entered January 19, 2017. The federal defendants' position espoused in motion to dissolve or vacate the court's temporary restraining order filed January 16, 2017, is tempered, however, by the later filed joint motion to stay. Also as discussed more particularly, the federal defendants moved therein, upon change of administration January 20, 2017, to continue their response deadline to plaintiffs' motion for preliminary injunction.

2

Plaintiffs requested and were allowed an emergency temporary restraining order against defendants, prohibiting them from taking further action regarding the proposed state plan amendment. Simultaneously, plaintiffs moved the court to enter preliminary injunction to prevent the same action pending full resolution of the case.

In support of its motion for preliminary injunction, plaintiffs contend they are entitled to preliminary relief where defendants have not first sought approval from the North Carolina General Assembly ("General Assembly") to submit the proposed state plan amendment as deemed required under law.

The federal defendants initially contended, prior to change in administration, under the auspices then of Sylvia Burwell, in her official capacity as Secretary of the United States Department of Health and Human Services, and Andrew Slavitt, in his official capacity as Acting Administrator for the Centers for Medicare and Medicaid Services, that plaintiffs lack standing to bring this action, the federal defendants' actions are not final for purposes of the Administrative Procedure Act, plaintiffs lack a cause of action under the Social Security Act, plaintiffs' constitutional claims are meritless, plaintiffs do not face irreparable injury, and the balance of equities weighs against injunctive relief.

The state defendants echoed in their filings the federal defendants' arguments and, in addition, contend that the temporary restraining order, due to expire tomorrow unless extended, should be dissolved because the 11th Amendment bars plaintiffs' claims, abstention doctrines require dismissal or stay, the case is unripe for adjudication, and plaintiffs failed to comply with the requirements of Federal Rule of Civil Procedure 65(b)(1) in seeking the restraining order.

In the joint motion filed by plaintiffs and the federal defendants, including now instead of

Sylvia Burwell, who no longer is serving the administration, Norris Cochran, Acting Secretary of the United States Department of Health and Human Services; and now instead of Andrew Slavitt, who no longer is serving the administration, Patrick Conway, Acting Administrator for the Centers for Medicare and Medicaid Services,[3] the federal defendants assert they will take no action on any proposal received from the state defendants for a period of 89 days from date of receipt other than to review and to request any additional information deemed necessary to complete a review.

After 60 days have elapsed, which time is sought to evaluate under the new administration the issues in this case, a joint notice will be filed alerting that if there is deemed a "live dispute" between the parties, a new date will be proposed for the federal defendants to file their response to plaintiffs' motion for preliminary injunction otherwise due so the court will be in a position to rule on plaintiffs' motion, then fully briefed, before the deadline the federal defendants propose for taking action on any proposal submitted by the state defendants.

Interpreting the joint motion to include some recognition that the temporary restraining order should expire by its own terms tomorrow, January 28, 2017, the state defendants offer in their response to plaintiffs' and the federal defendants' joint motion, they have, of course, no objection to expiration of that order. Secure with the federal defendants' agreement not to act on any plan until after the 89th day on which it was received and by which time briefing on plaintiffs' motion will be fully formed, the state defendants presume plaintiffs no longer seek relief preventing them from submitting a proposed state plan amendment to the federal defendants. On this understanding, the state defendants withdraw their emergency motion and deem plaintiffs temporarily to have

---

[3] There is no information in the record to suggest at this point in time that Renard Murray has been supplanted as Regional Administrator for the Office of the Assistant Secretary for Health, U.S. Department of Health and Human Services, Region IV.

4

Case 5:17-cv-00025-FL   Document 37   Filed 01/27/17   Page 4 of 8

abandoned their motion for preliminary injunction. The state defendants presage that "promptly" they will be filing in response to the complaint, in accord with any schedule set by this court, a motion to dismiss plaintiffs' claims against them.

## DISCUSSION

While the thrust of the joint motion to stay is directed towards timing of the federal defendants' response to plaintiffs' motion for preliminary injunction, as pointed out by the state defendants, there is a procedural obligation, too, by defendants timely to respond to the complaint by answer and/or motion.[4] The court reads into the joint motion that there is agreement by plaintiffs to a delay by defendants in responding to complaint and that, in fact, plaintiffs and the federal defendants agree to a stay of all action for at least 60 days. The state defendants want very soon, however, to file anticipated motion to dismiss, it appears.

It would also seem that the federal defendants implicitly agree to withdraw their emergency motion. At the very least, their determination not to act on any proposed state plan amendment until after the 89th day after its receipt ameliorates stated emergency and, as such, both emergency motions are DENIED as MOOT.[5]

Turning more particularly to the motion to stay, the court first addresses it as it may apply to the deadline for making any response to the complaint. Unless some objection is raised within seven days hereof causing the court to alter this determination, defendants' response deadline is March 31, 2017. Should the state defendants file that motion to dismiss contemplated by them in

---

[4] The state defendants are likely more attuned given the significantly shorter deadline they ordinarily would have to adhere to for the making of any response versus the 60 day deadline prescribed in Rule 12 for the federal defendants.

[5] While the motions are denied, the arguments of record offered in support and in opposition thereto will be assessed in the context of deciding plaintiff's motion for preliminary injunction.

5

yesterday's response "promptly" to be made, in advance of this March 31, 2017, deadline, unless good cause is shown within seven days of service of the motion why response, if any, to said motion should be delayed, any response to the state defendants' anticipated motion to dismiss shall be due in the regular course, subject to the court's local civil rules concerning motions practice. In this part, where it seeks to delay the making of any response to a defendant's motion to dismiss, should one be filed before the deadline herein stated, the motion to stay is in this part DENIED, absent further showing.

Now addressing the motion as it relates to any stay concerning plaintiffs' motion for preliminary injunction, the state defendants seek to qualify the joint motion as a temporary abandonment by plaintiffs of their motion for preliminary injunction and on that basis infer that plaintiffs be required to renew the motion, triggering then opportunity for the state defendants again to respond. While agreeing that the state defendants should be allowed to address the federal defendants' response in some fashion, the court does not read the joint motion as a temporary abandonment of plaintiffs' motion; rather, it constitutes an agreement by plaintiffs to the federal defendants' stated need under the new administration for more time within which to fully consider its position (again with the understanding that the federal defendants will take no action on any proposal until after the 89th day after which such proposal is received).[6]

Any response by the federal defendants to plaintiffs' motion shall be due no later than April 7, 2017. The state defendants shall have five days within which to comment on the record upon their

---

[6] The motion to stay seems to anticipate that a proposed state amendment plan will be submitted by the state defendants very quickly after dissolution of the restraining order. This subscribes to the tenor of the state defendants' briefings in the case.

6

co-defendants' submission. Then, plaintiffs shall have five days to make their reply to defendants. If in fact the state's proposal is tendered this coming Monday,[7] the earliest date of action by the federal defendants would be April 30, 2017, pursuant to joint motion.[8]

While the court has addressed the schedule for briefing herein, the parties still shall report as proposed on or before March 31, 2017, as to what disputes if any remain, and such other matters as the parties determine efficient then to report.

## CONCLUSION

Defendants' emergency motions are denied as moot. A stay of the case is in effect as herein ordered:

1. Unless some objection be raised within seven days hereof causing the court to alter this determination, defendants' response deadline to the complaint is March 31, 2017, which also is the deadline for the parties' report alerting as to what disputes if any remain, and such other matters as the parties determine efficient to report;

2. Should a defendant file a responsive motion in advance of the March 31, 2017, deadline, unless good cause be shown within seven days of service of the motion why response, if any, to said motion should be delayed, response

---

[7] The state defendants shall make a copy of the proposal indicating its date of its receipt by the federal defendants a part of this record.

[8] The court's work may earlier have commenced on a motion to dismiss filed by the state defendants which motion as described likely will intersect with issues raised in support of and in defense to plaintiffs' motion for preliminary injunction. If a party reasonably views this as an unwieldy scheduling formula, as noted above, there is opportunity to offer to this court good cause why any response to a motion to dismiss should be consolidated with the briefing schedule herein set for plaintiffs' motion for preliminary injunction.

7

shall be due in the regular course, subject to the court's local civil rules concerning motions practice;

3. Any response by the federal defendants to plaintiffs' motion for preliminary injunction shall be due no later than April 7, 2017. The state defendants shall have five days within which to comment on the record upon their co-defendants' submission. Then, plaintiffs shall have five days to make their reply to defendants; and

4. The state defendants shall file a copy of any proposal indicating date of the federal defendants' receipt of same with the court.

SO ORDERED, this the 27th day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

8